UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN DANIEL POWELL,<br><br>              Plaintiff,<br><br>NATIONSTAR MORTGAGE LLC;<br>NATIONSTAR MORTGAGE HOLDINGS,<br>INC; AND DOES 1 through 10, inclusive,<br><br>              Defendants. | 1:17-cv-00047-LJO-JLT<br><br>**ORDER AND MEMORANDUM DECISION GRANTING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>(Doc. 6) |

## I. INTRODUCTION

Pending before the Court is Defendant Nationstar Mortgage LLC and Nationstar Mortgage Holdings, Inc.'s (collectively, "Nationstar") motion to dismiss Plaintiff Sean Daniel Powell's ("Plaintiff") complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 6.) Plaintiff did not file an opposition brief, the matter was taken under submission pursuant to Local Rule 230(g), and the hearing set for March 14, 2017, was vacated. For the reasons set forth below, Nationstar's motion to dismiss is GRANTED in part. With the exception of Plaintiff's claim for injunctive relief, which is dismissed with prejudice, Plaintiff's claims are dismissed without prejudice and with leave to amend. Plaintiff may file an amended complaint within 21 days if, and only if, he is able to cure the deficiencies discussed below.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Although somewhat difficult to understand, Plaintiff's complaint pertains to a mortgage he obtained on his personal residence in 2008, which was refinanced in 2009. Plaintiff claims the lender concealed the actual value of the residential property at issue, inflated Plaintiff's household income, and altered Plaintiff's credit score in order to underwrite the mortgage.[1] (Cmplt., ¶ 56.) Given Plaintiff's actual reported income, his "lender"[2] knew it would be impossible for Plaintiff to make the loan payments. (Cmplt., ¶ 59.) In 2011, Plaintiff suffered a physical injury, took an extended disability leave of absence from his work, and experienced "extreme difficulty" in maintaining his mortgage payment. (Cmplt., ¶ 19.)

In 2016, Plaintiff contacted his lender about his financial hardships, and the lender "dragged Plaintiff along through a slow, confusing, contradictory, redundant and fraudulent modification process." (Cmplt., ¶ 22.) The lender continued to ask for "piecemeal and duplicative" paperwork, gave inconsistent answers about the status of the modification request to extract full mortgage payments from Plaintiff, and eventually denied the modification plan. (Cmplt., ¶ 24.) Plaintiff alleges the lender told him a modification would be considered and granted if Plaintiff paid the mortgage amount on time and in full, which Plaintiff alleges he did, but the payments were recorded as insufficient. (Cmplt., ¶ 33.) Plaintiff also alleges, contradictorily, the lender refused to discuss modification with him unless he fell behind on his mortgage. (Cmplt., ¶ 51.) Although Plaintiff suggests the lender has threatened foreclosure of the property under the 2009 Deed of Trust, it is unclear whether a Notice of Default or Notice of Trustee's Sale has been recorded.

---

[1] It is not clear whether Plaintiff is referring to his original loan and Deed of Trust executed in 2008 or the refinanced loan and Deed of Trust issued in 2009 on the same property.

[2] Plaintiff uses the term "lender" when discussing his mortgage loans and his modification request in 2016, but he does not specify which lender was responsible for what conduct. Nationstar, the current loan servicer, was not the original lender or servicer at the time the 2008 or 2009 Deeds of Trust were executed and recorded.

On September 29, 2016, Plaintiff filed suit against Defendants Nationstar Mortgage LLC and Nationstar Mortgage Holdings, Inc.[3] in Kern County Superior Court for fraud, deceit, and negligent misrepresentation; negligence; violation of California Business & Professions Code § 17200; breach of the implied covenant of good faith and fair dealing; injunctive relief, and reformation of the contract. Plaintiff attempted to serve Nationstar with the complaint on December 14, 2016, and on January 11, 2017, Nationstar removed the case to federal court asserting removal jurisdiction predicated on diversity of the parties. On February 9, 2017, Nationstar filed a motion to dismiss. (Doc. 6.) Plaintiff did not file an opposition brief.

## III. ANALYSIS

### A. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550

---

[3] Nationstar Mortgage Holdings, Inc. maintains it is not Plaintiff's loan servicer, but an unrelated affiliate of Nationstar Mortgage LLC. (Doc. 6, 9:4-5.)

3

U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements'. . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. "[T]o be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, a plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

**B.  Claims for Fraud, Deceit, and Negligent Misrepresentation Are Insufficiently Pled**

Nationstar argues Plaintiff's claims for fraud and negligent misrepresentation are insufficiently pled and must be dismissed.

**1.  The Original Lender is Not Named as a Defendant**

Nationstar asserts that, to the extent Plaintiff's claims pertain to conduct occurring in 2008 or 2009, they are unrelated to Nationstar and must be dismissed.

Defendants Nationstar Mortgage LLC and Nationstar Mortgage Holdings, Inc. are the only named Defendants in this action, but neither was the original lender or servicer of the mortgage Plaintiff obtained in 2008 and refinanced in 2009. In 2008, Plaintiff signed a Deed of Trust which identifies Netmore America, Inc. as the lender and purports to encumber real property on Firebaugh Street in Bakersfield, California (the "subject property"). (Doc. 7, p. 5.)[4] On June 17, 2009, the subject

---

[4] Nationstar requests the Court take judicial notice of the following documents recorded in the Kern County Official

1 property was refinanced and a new Deed of Trust in the amount of $154,894 was recorded identifying Metropolitan Home Mortgage, Inc. ("Metropolitan") as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") acting as nominee for Metropolitan. (Doc. 7, p. 16.) On July 13, 2009, MERS recorded and substituted Wells Fargo Bank, N.A. as trustee under the Deed of Trust. (Doc. 7, p. 26.) On April 21, 2015, MERS, on behalf of Metropolitan, transferred and assigned all its interest under the 2009 Deed of Trust to Nationstar Mortgage, LLC. (Doc. 7, p. 29.) On August 11, 2015, a second lien Deed of Trust was recorded on the Property in favor of CalHFA Mortgage Assistance Corporation in the amount of $22,183.74. (Doc. 7, pp. 33-34.)

Plaintiff alleges that "at various times throughout the origination and servicing of his mortgage loan," the "lender" knowingly misrepresented the nature and terms of the loan, grossly inflated the value of the property to justify the loan, and held out the loan as a good financial decision for Plaintiff. Plaintiff maintains his "lender" knew it was unlikely Plaintiff would be able to pay off the loan, but Plaintiff's "desperation and desire to stay in the Subject Property" led him to justifiably rely on the lender's misrepresentations about the terms of the loan, Plaintiff's ability to afford the loan, and the value of the subject property.

The 2008 and 2009 Deeds of Trust demonstrate Nationstar was neither the lender nor the servicer at the time these documents were signed. Nationstar was not assigned any interest in the 2009 Deed of Trust until 2015. Thus, Plaintiff's allegations pertaining to conduct of his "lender" in 2008 and 2009 inducing him to agree to these mortgages bear no relation to Nationstar. Moreover, Plaintiff has not alleged how Nationstar is liable for actions of the lenders in 2008 or 2009 under any theory of successor liability. As currently pled, any claim against Plaintiff's "lender" that relates to execution of

---

Records: a September 2008 Deed of Trust on the subject property in the amount of $152,605 (Doc. 7, p. 5-14 (Exhibit 1)); a June 2009 Deed of Trust on the subject property in the amount of $154,894 (Doc. 7, p. 16-24 (Exhibit 2)); a July 2009 Substitution of Trustee and Deed of Reconveyance (Doc. 7, p. 26-27 (Exhibit 3)); a May 2015 Corporate Assignment of Deed of Trust (Doc. 7, p. 29-30 (Exhibit 4)); and an August 2015 Deed of Trust on the subject property in the amount of $22,183.74 (Doc. 7, p. 32-36 (Exhibit 5)). As these are public records, they are subject to judicial notice under Federal Rule of Evidence 201(b), and the request for judicial notice is GRANTED. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record").

the 2008 or 2009 Deeds of Trust is not viable as to Nationstar.

**2. The Claims Against the 2008 and 2009 Lenders Appear Untimely**

Even assuming the lenders associated with the execution of the 2008 and 2009 Deeds of Trust were properly identified and served, the claims against such lenders appear untimely. Under California law, the statute of limitations on claims for fraud or negligent misrepresentation is three years from the discovery "of the facts constituting the fraud or mistake." Cal. Code Civ. Proc. § 338(d). "The statute of limitations begins to run when the plaintiff has information which would put a reasonable person on inquiry." *Kline v. Turner*, 87 Cal. App. 4th 1369, 1374 (2001). It is unclear exactly when Plaintiff reasonably should have become aware of the alleged fraud and misrepresentations of the 2008 and/or 2009 lenders, but based on the allegations of the complaint, the statute of limitations would have commenced in 2009 at the latest, and expired no later than the end of 2012. The claims for fraud or misrepresentation pertaining to the execution of the 2008 or 2009 Deeds of Trust are untimely.

**3. The Claims for Fraud and Misrepresentation are Not Pled with the Requisite Specificity**

Plaintiff's allegations of fraud and misrepresentation are far too vague to be cognizable, even to the extent they pertain to Nationstar's conduct in 2016 when Plaintiff sought a loan modification.

The elements of a California fraud claim include (1) a misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity; (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). The elements to plead a cause for negligent misrepresentation are nearly the same: (1) a misrepresentation of a past or existing material fact, (2) made without reasonable ground for believing it to be true, (3) with the intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage. *Ragland v U.S. Bank Nat'l Ass'n*, 209 Cal. App. 4th 182, 196 (2012). Negligent misrepresentation sounds in fraud, *Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 230-31 (2013), and thus, like fraud claims, all the elements must be pled with

specificity, Fed. R. Civ. P. 9(b).

In the Ninth Circuit, "claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). Rule 9(b) requires "specific" allegations of fraud "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). This means the plaintiff must allege facts showing how, when, where, to whom, and by what means the representations were made, and in the case of a corporate defendant, the plaintiff must allege the names of the persons who made the representations, their authority to speak on behalf of the corporation, to whom they spoke, that they said or wrote, and when the representations were made. *In re GlenFed, Inc. Securities Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc). A court may dismiss a claim grounded in fraud when the allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

Where there are multiple fraud defendants, a plaintiff "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'" *Pegasus Holdings v. Veterinary Centers of Am., Inc.*, 38 F. Supp. 2d 1158, 1163 (C.D. Cal. 1998) (quoting *In re Worlds of Wonder Sec. Litig.*, 694 F. Supp. 1427, 1433 (N.D. Cal. 1988)).

The complaint fails to satisfy Rule 9(b)'s "who, what, when, where, and how" requirements. The complaint makes bare reference to general misrepresentations about the loan modification inquiry Plaintiff made in 2016 and vague allegations about the "lender's" misrepresentations of the value of the property at the time of loan origination in 2008 or the 2009 refinanced loan. There is no allegation as to the names of persons who made fraudulent representations, their authority to speak, to whom they spoke, or what they said or wrote, or when it was said or written. The factual allegations supporting these claims are simply too vague, and the claims must be dismissed.

**C.      Plaintiff's Claim for Negligence is Insufficient**

Plaintiff alleges Nationstar had a duty to avoid foreseeable injury to Plaintiff and his property, and it breached that duty by "colluding to lure Plaintiff into predatory loans that [it] knew or should have known Plaintiff would default on." (Cmplt., ¶ 37.)  In his attempt to obtain a loan modification in 2016, Plaintiff asserts Nationstar breached its duty of care by (1) failing to respond in a timely and reasonable manner to Plaintiff's initial request to discuss loan modification options; (2) demanding piecemeal and duplicative paperwork from Plaintiff in processing Plaintiff's modification requests; (3) systematically ignoring Plaintiff's written and verbal inquiries seeking a status of the modification process; (4) providing misleading information regarding the status of the modification process; (5) failing to accurately assess Plaintiff's "LTV ratio"; (6) making erroneous assessments of Plaintiff's cash reserves; (7) providing conflicting information to Plaintiff in written correspondence; and (8) providing conflicting information about the reasons Plaintiff's modification request was denied. (Cmplt., ¶ 40.)

Nationstar maintains that, to the extent this claim relates to the loan origination in 2008 or the refinance in 2009, the claim does not apply to Nationstar and is barred under California's two-year statute of limitations.  To the extent the claim is based on conduct pertaining to the loan modification Plaintiff sought in 2016, Nationstar argues it owes no duty of care as a matter of law to Plaintiff because as a loan service, it has acted in conventional banking role like a mere lender of money.

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of L.A.*, 66 Cal. App. 4th 1333, 1339 (1998). "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991).

First, any negligence claim against the 2008 or 2009 lender must not only overcome the statute of limitations, which is two years under California law, but must identify and name as a defendant the actor who was responsible for the negligent conduct.  Cal. Code Civ. Proc. § 339(1).  Second, the

8

substantive allegations do not establish that any lender, including Nationstar, had a duty to Plaintiff or how that duty was breached. Plaintiff's initial allegations are essentially that his lender did not accurately assess his ability to pay back the loans secured in 2008 and 2009 nor did it properly value the property securing the Deeds of Trust. "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal. App. 3d at 1096. The success of a borrower's investment "is not a benefit of the loan agreement which the Bank is under a duty to protect." *Wagner v. Benson*, 101 Cal. App. 3d 27, 34 (2014) (lender lacked duty to disclose "any information it may have had"). Moreover, "loan servicers do not owe a duty to the borrowers of the loans they service." *Shepherd v. American Home Mortg. Services, Inc*., No. 2:09-cv-1916-WBS-GGH, 2009 WL 4505925, at *2 (E.D. Cal. 2009). Similarly, Nationstar had no duty to offer Plaintiff a loan modification. *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 67 (2013). There is no express duty on a lender's part to grant a modification under state or federal loan modification statutes. *Id.*

However, courts have held that a lender has a duty of care in processing a loan modification application. *See Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941 (2014). This duty has been codified by the California legislature in the California Homeowner Bill of Rights ("HBOR"), Cal. Civ. Code §§ 2920.5, 2923.4-.7, 2914, 2924.9-.12, 2924.15, 2924.17-.20, 2923.6. Plaintiff's allegations as to how his modification request was mishandled are vague, but suggest he was not provided timely or accurate information about how the modification request was processed and that Nationstar did not rely on accurate data in making the modification decision. The complaint also implies Plaintiff had an agreement for a "trial" modification, and Plaintiff references the Home Affordable Mortgage Program ("HAMP"). (Cmplt., ¶¶ 33, 46, 48.)[5] While more facts are necessary to

---

[5] HAMP was a program instituted by Congress under the Emergency Economic Stabilization Act, P.L., 110-343, 122 Stat.

9

adequately plead a claim for negligence or a claim under the HBOR regarding Nationstar's conduct in considering Plaintiff's modification request, the claim is not barred as a matter of law. This claim is dismissed without prejudice.

**D.     Plaintiff's Claim for Injunctive Relief is Dismissed**

Plaintiff's Fourth Cause of Action is for injunctive relief. (Cmplt., ¶¶ 49-54.) Plaintiff alleges he became concerned that Nationstar intended to proceed with foreclosure on the subject property, and that Nationstar refused to engage in meaningful discussions with him concerning a mortgage modification until Plaintiff fell behind on his mortgage. However, Plaintiff maintains Nationstar did not inform him that falling behind on his payments would result in the recordation of a notice of default, and place Plaintiff "in increased danger of foreclosure." (Cmplt., ¶ 51.) After Plaintiff fell behind on his mortgage, Nationstar still refused to have meaningful loan modification discussions with Plaintiff. (Cmplt., ¶ 52.)

Inconsistently, Plaintiff also alleges Nationstar "dragged Plaintiff along through a slow, confusing, contradictory, redundant, and fraudulent modification process" demanding paperwork and inconsistently informing Plaintiff the file was both complete and incomplete. (Cmplt., ¶ 22.) Plaintiff avers Northstar told him a modification would only be granted if Plaintiff made payments on time and in full for an agreed upon period, which Plaintiff alleges he did. (Cmplt., ¶¶ 23-24.) Plaintiff claims Nationstar ultimately refused to modify Plaintiff's mortgage. (Cmplt., ¶ 24.)

Aside from these inconsistent and vague factual allegations, a stand-alone claim for injunctive relief is not cognizable. Injunctive relief is an equitable remedy, not a claim that can be asserted separate from an underlying claim or statute. *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942) ("Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist

---

3765 which sought to maximize assistance for homeowners while encouraging servicers of mortgages to take advantage of available programs to minimize foreclosures. 12 U.S.C. § 5219(a). *West v. JPMorgan Chase Bank, N.A.*, 214 Cal. App. 4th 780, 786-91 (2013). Trial loan modifications under HAMP have involved trial plan agreements where the lender would agree to a trial plan while considering a permanent workout solution. *Id.*

before injunctive relief may be granted."). While injunctive relief may be available to Plaintiff as a remedy for other underlying claims, it does not form a stand-alone claim and is dismissed with prejudice.

### E.     Plaintiff's Claim for Reformation of the Contract

Plaintiff's Fifth Cause of Action is for "Reformation of Contracts." (Cmplt., ¶¶ 55-63.) Nationstar maintains this claim must be dismissed as insufficiently pled and that it is barred by the statute of limitations as it pertains to conduct occurring in 2008 or 2009. (Doc. 6, pp. 17-19.)

"The purpose of reformation is to correct a written instrument in order to effectuate a common intention of both parties which was incorrectly reduced to writing. [citations omitted] In order for plaintiff to obtain this relief there must have been an understanding between the parties on all essential terms, otherwise there would be no standard to which the writing could be reformed." *Lemoge Elec. v. Cnty. of San Mateo*, 46 Cal. 2d 659, 663 (1960). A cause of action for reformation of a contract "should allege what the real agreement was, what the agreement as reduced to writing was, and where the writing fails to embody the real agreement." *Lane v. Davis*, 172 Cal. App. 2d 302, 309 (1959). It is also necessary to aver facts showing how the purported mistake was made, whose mistake it was, and what brought it about. *Id.*

The reformation claim is based on allegations that Plaintiff's "lender" knew he would not be able to afford the loan due to the terms of the mortgage and because the property was not assessed correctly. Due to this, Plaintiff claims the mortgage terms did not reflect the true intentions of the parties. Plaintiff does not allege, however, that there was ever mutual agreement on any terms which were incorrectly or not reduced to writing. Plaintiff alleges only that the mortgage terms were not fair – not that there was a mistake in reducing the actual agreement to writing. Moreover, claims related to mistake or fraud are subject to a three-year statute of limitations under California Code of Civil Procedure § 338(d). To the extent Plaintiff's allegations are based on conduct occurring in 2008 or 2009, the claim appears barred by the statute of limitations. Moreover, Plaintiff has not shown how this

conduct is related to Nationstar, who was not a servicer or lender on the loan until 2015. This claim is dismissed.

### G.     Plaintiff's Claim of Breach of the Implied Covenant is Dismissed

Plaintiff's Sixth Cause of Action alleges breach of the implied covenant of good faith and fair dealing. (Cmpt., ¶¶ 64-69.)  Plaintiff claims that in agreeing to the mortgage, "the lender" misled Plaintiff into "believing that the Subject Property was proper collateral for the loan and that based upon [his] credit score and reported household income, Plaintiff qualified for such loan and would be able to afford the monthly payments." (Cmplt., ¶ 66.)  Plaintiff claims the lender "inflated" the appraisal to legitimize an over-valuation of the subject property and its approval of a loan in excess of the subject property's value. (Cmplt., ¶ 68.)  As it pertains to the modification request in 2016, Plaintiff asserts he met the conditions of the modification process and therefore the "lender" was obligated to be candid with him, but it concealed details that unfairly interfered with Plaintiff's right to receive the benefit of the bargain. (Cmplt., ¶ 67.)

Nationstar argues Plaintiff's claim is primarily based on the conduct of his original lender at the time the loan was made. Plaintiff commenced this action more than seven years after origination of the loan, and Nationstar contends Plaintiff is not entitled to tolling of the four-year statute of limitations. Nationstar also argues Plaintiff has failed to plead any breach of the terms of his promissory note or Deed of Trust.  To the extent his claim is predicated on the loan modification request in 2016, Nationstar maintains a borrower such as Plaintiff is not entitled to a modification as a matter of right, and he cannot sue his lender to obtain a modification. Further, Plaintiff has conceded that he breached his note and Deed of Trust by defaulting on his loan obligations. According to Nationstar, as a breaching party, Plaintiff is not entitled to pursue a contract claim arising from the note or Deed of Trust.

"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement."

*Kransco v. American Empire Surplus Lines Ins. Co*., 23 Cal. 4th 390, 400 (2000) (quoting *Comunale v. Traders & General Ins. Co*., 50 Cal.2d 654, 658 (1958)).  "The covenant of good faith and fair dealing is implied in every contract as a method to protect the interests of the parties in having the contractual promises and purposes performed."  *Love v. Fire Ins. Exchange*, 221 Cal. App. 3d 1136, 1147 (1990).

A breach of implied covenant of good faith and fair dealing claim "must show that the conduct of the defendant . . . demonstrates a failure or refusal to discharge contractual responsibilities, prompted . . . by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement."  *Careau & Co. v. Security Pacific Business Credit, Inc*., 222 Cal. App. 3d 1371, 1395 (1990).

To the extent the complaint alleges conduct related to Plaintiff's original loan in 2008 or his refinanced loan in 2009, the implied covenant claim is barred by the two-year statute of limitations under California Code of Civil Procedure § 339(1) pertaining to tort remedies, and barred by the four-year statute of limitations under California Code of Civil Procedure 337(1) pertaining to contract remedies.

Substantively, the allegations do not give rise to a cognizable implied covenant claim as to either the original lenders or Nationstar.  The complaint alleges that when the mortgage was originated, the lender misled Plaintiff into believing that the property was "proper collateral" for the loan and that based upon credit scores and reported household income, Plaintiff qualified for such a loan and would be able to meet the minimum payments.  However, the lender in an arms-length banking transaction has no contractual obligation to Plaintiff to determine whether the loan would be affordable, whether Plaintiff could pay it, or even whether the property securing the deed of trust was correctly valued.  *See, e.g., Renteria v. United States*, 452 F. Supp. 2d 910, 922-23 (D. Ariz. 2006).  That is conduct the lender undertakes for its *own* benefit to determine whether to extend credit – it is not conduct for the benefit of Plaintiff and it is not required under the terms of the Deed of Trust or promissory note.  *Id.*

Pertaining to allegations of unfair dealing as to Plaintiff's mortgage modification request in 2016, the allegations are insufficient to state a cognizable claim. Plaintiff alleges Nationstar did not act with "truthful candor" during the modification process. However, the purpose of the implied covenant is to assure the parties' compliance with the contract at issue, and the scope of conduct prohibited by the implied covenant is confined by the purposes and express terms of the agreement. *Carma Developers*, 2 Cal. 4th at 373. The Deed of Trust does not contain a right to a modification of the agreement, and Plaintiff is not entitled to a modification of his loan. Moreover, the allegation is vague as to *how* Nationstar failed to act with truthful candor during the modification process. This claim is dismissed as insufficiently pled.

**F.  Plaintiff's Unfair Competition Claim is Dismissed**

Plaintiff's Third Cause of Action claims Nationstar violated California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200. Nationstar contends Plaintiff lacks standing to bring a UCL claim because he has not sufficiently alleged an injury or loss, and Plaintiff has not pled the violation of any law on which to base his UCL claim.

**1.  Plaintiff's Allegations of Loss are Too Vague to Confer Standing**

The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. A plaintiff alleging a UCL claim must satisfy UCL standing requirements. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 960 n.4 (9th Cir. 2009). Private standing under the UCL is limited to "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204; *see also Degelmann v. Advanced Med. Optics, Inc.*, 659 F.3d 835, 839 (9th Cir. 2011). "This provision requires [plaintiff] to show that [he] has lost money or property sufficient to constitute an injury in fact under Article III of the Constitution, and also requires a causal connection between defendant's alleged UCL violation and her injury in fact." *Rubio v. Capital One Bank*, 613 F.3d 1195, 1204-05 (9th Cir. 2010) (quotation omitted). Several courts have found that a plaintiff has not suffered an injury in fact when the loss suffered is a result of a plaintiff's

default on the loan. See, *e.g., Bernardi v. JPMorgan Chase Bank, N.A.*, No. 11–cv–4212, 2012 WL 2343679, at *5 (N.D. Cal. June 20, 2012); *Serna v. Bank of Am., N.A.*, No. 11–10598, 2012 WL 2030705, at *5 (C.D. Cal. June 4, 2012).

The allegations make it difficult to ascertain what occurred regarding Plaintiff's payment obligations and his request for a loan modification, and Plaintiff's losses are not clearly articulated. As noted above, the complaint's allegations regarding whether Plaintiff defaulted on the mortgage are contradictory, and there is no clear statement that foreclosure proceedings have commenced. Plaintiff alleges that he was told he must default on his loan payments to be considered for a modification (Cmplt., ¶¶ 51-52) *and* that he was instructed to maintain his payments – which he alleges he did (Cmplt., ¶ 25). There is some suggestion Plaintiff was induced by Nationstar to default on his loan so that he could be considered for a loan modification, which has resulted in a lower credit rating and payment of additional interest and fees, but this is only vaguely asserted. (Cmplt., ¶ 47.) While a lower credit rating or extra fees are losses that generally could confer standing, it is difficult to link the losses to conduct on the part of Nationstar. It is also unclear how or whether Nationstar breached its alleged duties in connection with the loan modification request, when or whether Plaintiff defaulted on his payment obligations, and what damage was incurred as a result of what particular conduct. As a result, the losses Plaintiff has suffered are not sufficiently alleged to demonstrate standing.

**2. Unlawful, Unfair, or Fraudulent Practice Allegations Are Deficient**

Nationstar maintains Plaintiff's UCL claim is also insufficiently pled because there is no underlying violation of law upon which the claim can be based.

A UCL claim is subject to dismissal given the complaint's failure to allege a predicate violation of law to support a UCL claim. "Unfair competition is defined to include 'unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising.'" *Blank v. Kirwan*, 39 Cal. 3d 311, 329 (1985) (quoting Cal. Bus. & Prof. Code, § 17200). The UCL establishes three varieties of unfair competition – "acts or practices which are unlawful, or unfair, or fraudulent."

*Shvarts v. Budget Grp., Inc.*, 81 Cal. App. 4th 1153, 1157 (2000). An "unlawful business activity" includes anything that properly can be called a business practice and that at the same time is forbidden by law. *Blank*, 39 Cal. 3d at 329 (citing *People v. McKale*, 25 Cal. 3d 626, 631-32 (1979)).

A business practice is unfair when it "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632, 647 (1996) (internal quotations and citations omitted). The "fraudulent" prong under the UCL requires a plaintiff to "show deception to some members of the public, or harm to the public interest," *Watson Labs., Inc. v. Rhone–Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1121 (C.D. Cal. 2001), or to allege that "members of the public are likely to be deceived," *Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144, 1167 (2000); *Medical Instrument Development Labs. v. Alcon Labs.*, No. 05-cv-1138-MJJ, 2005 WL 1926673, at *5 (N.D. Cal. 2005).

The complaint lacks facts of an unlawful, unfair, or fraudulent business practice to support a UCL claim, despite the complaint's unsupported claims of misrepresentations. As demonstrated throughout this order, Plaintiff's claims are not viable and thus cannot serve as a predicate violation for a UCL claim. The complaint lacks cognizable statutory or common law claims and fails to set forth facts with any specificity to support a UCL claim, particularly one sounding in fraud. The complaint's UCL claim is therefore dismissed without prejudice.

## IV. CONCLUSION AND ORDER

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Nationstar's Motion to Dismiss is GRANTED in part;
2. With the exception of the claim for injunctive relief, which is dismissed with prejudice, Plaintiff's claims are dismissed without prejudice and with leave to amend;
3. If, and only if, Plaintiff can cure the deficiencies in his claims outlined above, Plaintiff may file an amended complaint within 21 days; and

4. If Plaintiff fails to file an amended complaint, this case will be dismissed for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.

Dated:   **March 23, 2017**                             **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES CHIEF DISTRICT JUDGE